<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| **TANYA RODGERS,** | Civ. No. 16-1744 (KM) |
| Plaintiff, | |
| v. | **MEMORANDUM OPINION and ORDER** |
| **BAYONNE BOARD OF EDUCATION and ASSISTANT SUPER ROBERT CRAIG,** | |
| Defendants. | |

<u>**MCNULTY, U.S.D.J.:**</u>

  The plaintiff, Tanya Rodgers, brings this action against the Bayonne Board of Education and Assistant Superintendent Robert Craig, alleging discrimination on the basis of her disability, in violation of the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12112 – 12117. Now before the Court is the defendants' motion (ECF no. 12) to dismiss the Complaint for failure to state a claim, pursuant to Fed. R. Civ. P. 12(b)(6). The motion will be denied.

### I. APPLICABLE STANDARD

  FED. R. CIV. P. 12(b)(6) provides for the dismissal of a complaint, in whole or in part, if it fails to state a claim upon which relief can be granted. The moving party bears the burden of showing that no claim has been stated. *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005). In deciding a motion to dismiss, a court must take all allegations in the complaint as true and view them in the light most favorable to the plaintiff. *See Warth v. Seldin*, 422 U.S. 490, 501 (1975); *Trump Hotels & Casino Resorts, Inc. v. Mirage Resorts Inc.*, 140

1

F.3d 478, 483 (3d Cir. 1998); *see also Phillips v. County of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008) ("reasonable inferences" principle not undermined by later Supreme Court *Twombly* case, *infra*).

FED. R. CIV. P. 8(a) does not require that a complaint contain detailed factual allegations. Nevertheless, "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief requires more than labels and conclusions, and formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Thus, the factual allegations must be sufficient to raise a plaintiff's right to relief above a speculative level, such that it is "plausible on its face." *See id.* at 570; *see also Umland v. PLANCO Fin. Serv., Inc.*, 542 F.3d 59, 64 (3d Cir. 2008). A claim has "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). While "[t]he plausibility standard is not akin to a 'probability requirement' ... it asks for more than a sheer possibility." *Iqbal*, 556 U.S. at 678 (2009).

Where, as here, the plaintiff is proceeding *pro se*, the complaint is "to be liberally construed," and, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007). Nevertheless, "*pro se* litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013).

## II. DISCUSSION

The handwritten complaint (ECF no. 1), submitted on the Court's preprinted form, alleges as follows. Ms. Rodgers applied to be hired as a substitute teacher. Her drug test came back negative, and a fingerprint check was satisfactory. She had a letter from her doctor clearing her to work. The

2

school nurse, however, refused to clear her. Based on her [presumably high] blood pressure, she was not hired.

These spare allegations, say defendants, do not establish that the plaintiff had, or was perceived as having, a disability at all. As they point out, a "disability" is defined as ""(A) a physical or mental impairment that substantially limits one or more of the major life activities of [an] individual; (B) a record of such an impairment; or (C) being regarding as having such an impairment." 42 U.S.C. § 12102(2). Relevant factors to be considered include "(i) The nature and severity of the impairment; (ii) The duration or expected duration of the impairment; and (iii) The permanent or long term impact, or the expected permanent or long term impact of or resulting from the impairment." Id. at §1630.2(j)(2). *See also Williams v. Philadelphia Housing Auth. Police Dept.*, 380 F.3d 751, 761 (3d Cir. 2004).

Defendants point out that hypertension, or high blood pressure, is a common and chronic condition that need not be disabling. The complaint, they say, does not plead the factors outlined above, and so no disability can be inferred. They attach administrative agency decisions finding conditions to be non-disabling, but only after the development of a medical and factual record. They cite cases finding hypertension to be non-disabling, but again, for the most part in the context of summary judgment.

One, *Nowak v. EGW Home Care, Inc.*, 82 F. Supp. 2d 101, 111 (W.D.N.Y. 2000), so held on a motion to dismiss, but it is an outlier. I agree with the case law cited in *Nowak*, which requires factual development so that an individual determination can be made:

> It is recognized that these cases were decided on summary judgment after discovery, rather than on the pleadings. In fact, in *Oswalt v. Sara Lee Corp.*, the Fifth Circuit stated: "We do not imply that high blood pressure in general can never be a 'disability,' as defined by the statute. We hold only that [the plaintiff] failed to provide any evidence that his high blood pressure substantially limited a major life activity." *Oswalt v. Sara Lee Corp., supra*, 74 F.3d at 92; *see also Gonsalves v. J.F. Fredericks Tool Co., Inc.*, 964 F. Supp. 616, 621 (D. Conn.1997) (genuine issue of fact as to

3

> whether high blood pressure contributed to plaintiff's disabling condition); *Laird v. Chamber of Commerce for New Orleans and the River Region*, 1998 WL 240401, at *1 (E.D. La. May 12, 1998) (denying motion to dismiss ADA claim based on "extreme high blood pressure"); *Cerrato v. Durham, supra*, 941 F. Supp. at 393 (motion to dismiss ADA claim denied where plaintiff alleged facts from which it might be concluded that she suffered an impairment that substantially restricted her capacity to engage in work).

*Nowak*, 82 F. Supp. 2d at 111.

I will not hold this *pro se* complaint to that standard; a complaint must allege, not prove, a cause of action. This complaint alleges that Ms. Rodgers has hypertension, that the condition constitutes a disability, and that she was denied a position on that basis. Without the development of a factual record, I cannot find that this condition—in *her* case—does or does not approach the level of severity that would constitute a disability

## ORDER

The defendants having filed a motion (ECF no. 12) to dismiss the Complaint for failure to state a claim, pursuant to Fed. R. Civ. P. 12(b)(6); and the plaintiff having filed a response (ECF no. 13); and the defendant having filed a reply (ECF no. 15); and the Court having reviewed the papers without oral argument; for the reasons stated in the foregoing opinion, and good cause appearing therefor;

IT IS this 26th day of September, 2016

ORDERED that the defendants' motion to dismiss (ECF no. 12) is DENIED.

　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　HON. KEVIN MCNULTY, U.S.D.J.